UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JACQUELINE KNAPP,

               Plaintiff,                                Hon. Janet T. Neff

v.                                                Case No. 1:19-CV-146

UNITED STATES OF AMERICA, et al.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction, (ECF No. 42), and Defendants' Motion to Dismiss for Failure to State a Claim, (ECF No. 53). Plaintiff has failed to respond to either motion. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions both be **granted** and this matter **terminated**.

       Plaintiff initiated this action on February 25, 2019, against the United States of America, United States Attorney General William Barr, the State of Michigan, and Michigan Attorney General Dana Nessel. (ECF No. 1). In her complaint, Plaintiff details alleged deficiencies with respect to state and federal policy regarding opioid medications. As Defendants correctly note, however, the present complaint was not drafted by Plaintiff, but is instead a form complaint readily available on the internet.[1]

---

[1] The complaint which Plaintiff submitted is known as the "Starburst Complaint" and the litigants who submit this complaint or participate in the litigation of such are referred to as "Starburst Warriors." See Sick of Suffering, available at https://sickofsuffering.com/ (last visited on Aug. 21, 2019). The complaint which Plaintiff filed is available through a link on this website. See Starburst Complaint, available at https://drive.google.com/file/d/19MvQ9vz25lGt-NbAUK4Cyw_JzK16Wz_Z/view (last visited on Aug. 21, 2019).

The central theme of the Starburst Complaint is that due to "hysteria" regarding opioid deaths and overdoses, opioid pain medication is being unlawfully restricted from patients who require such to treat intractable pain. Accordingly, Plaintiff requests the following injunctive relief: (1) permit "all Americans" to join in this litigation; (2) order the Drug Enforcement Administration to "stop persecuting licensed medical professionals and his/her patients"; and (3) order "pharmacy employees" to stop using "profiling to determine who may or may not receive controlled medications." Defendants now move to dismiss Plaintiff's claims.

## I.      Failure to Respond

Defendants' motions to dismiss were both filed on May 20, 2019. Pursuant to the Local Rules of Civil Procedure, Plaintiff was permitted 28 days to respond to Defendants' motions. *See* W.D. Mich. L.CivR 7.2(c). Defendants' motions were filed more than three months ago and Plaintiff has neither responded thereto nor requested an extension of time to do so.

While Plaintiff is representing herself, pro se litigants are "still required to follow the rules of civil procedure and easily-understood Court deadlines." *Ciavone v. McKee*, 2009 WL 2959737 at *6 (W.D. Mich., Sept. 10, 2009). Failure by a plaintiff to respond to a motion to dismiss constitutes a forfeiture of the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Likewise, opposition to a motion to dismiss is waived, and dismissal appropriate, where the plaintiff fails to respond thereto. *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen*

*v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same). Because Plaintiff has failed to respond to Defendants' motions to dismiss, the undersigned recommends that Defendants' motions both be granted.

## II.    Standing

Article III, § 2 of the United States Constitution provides that the "judicial Power" of the United States extends only to "Cases" and "Controversies." Because the terms "case" and "controversy" conceivably encompass many matters more appropriately addressed by the executive or legislative branches of government, these terms have been interpreted as referring to those "cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). One element of the case or controversy requirement is that plaintiffs must establish that they have standing to pursue a particular claim. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997).

To establish standing to litigate a particular matter, a plaintiff must satisfy three requirements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact," defined as "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." The plaintiff must next establish "a causal connection between the injury and the conduct complained of." In other words, the plaintiff's injury must be "fairly. . .trace[able] to the challenged action of the defendant,

and not. . .th[e] result [of] the independent action of some third party not before the court." *Ibid.* The plaintiff must also establish a likelihood that his injury will be "redressed by a favorable decision." *Id.* at 561.

The standing requirement is not to be lightly disregarded. As the Supreme Court stated, "[w]e have always insisted on strict compliance with the jurisdictional standing requirement" because "federal courts may exercise power only 'in the last resort, and as a necessity.'" *Raines*, 521 U.S. at 819. Finally, Plaintiff bears the burden of establishing that she has standing to assert her claims in a federal forum. *See Lujan*, 504 U.S. at 561. In her complaint, Plaintiff has failed to allege that she suffered any concrete injury or any invasion or violation of a legally protected interest. Instead, Plaintiff has merely asserted a "generalized grievance" which is insufficient to establish standing. *See, e.g., Gill v. Whitford*, 138 S.Ct. 1916, 1929 (2018) ("[a] federal court is not a forum for generalized grievances"). Accordingly, the undersigned recommends, in the alternative, that Defendants' motions to dismiss be granted on the ground that Plaintiff lacks standing thus depriving the Court of jurisdiction to hear this matter. *See, e.g., Keen v. Helson*, 930 F.3d 799, 802 (6th Cir. 2019) ("[i]f the plaintiff lacks standing, then the court lacks jurisdiction").

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss for Lack of Jurisdiction, (ECF No. 42), be **granted**; Defendants' Motion to Dismiss for Failure to State a Claim, (ECF No. 53), be **granted**; and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order.

*See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: August 28, 2019                          /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge